ROBINSON *v.* MORIARTY.

An attachment will hold all chattels, moneys or evidences of debt, or any interest which the debtor may have in them.

Where C had collected funds for B and M, and paid to B his portion, and where no creditors of B and M as partners claimed the funds remaining in the hands of C, it was held, that they were liable for the individual debts of M.

*Error to Johnson District Court.*

*Opinion by* KINNEY, J.   Robinson sued Moriarty by attachment before a justice of the peace, and garnisheed John M. Coleman.  The facts in relation to the money in the hands of the garnishee, are the same as in the case of *Harlan* v. *Coleman*, (a), and Coleman's answer not materially different from his testimony in that case.  The justice rendered judgment against Coleman as garnishee and credited the same upon the judgment in favor of *Robinson* v. *Moriarty.*  Coleman appealed, and on his motion in the district court the garnishment was dismissed and a like judgment entered as in the case before mentioned. Robinson brings the case to this court relying for a reversal upon the error of the court in sustaining the motion. It is also contended in this case by the counsel for the de-

(a) Ante 486.                    62

fendant in error, that the funds in Coleman's hands were partnership funds, and consequently no portion of them liable to be taken by attachment, or subject to be garnisheed by the creditors of Moriarty.

An examination of the statute on this subject, and a proper application of it, we think will settle this question beyond controversy.

By the second section of the act regulating attachments before justices of the peace, the justice upon the proper affidavit being made, is required to issue a writ of attachment against the property and effects of the defendant. And in the third part of the 4th section, it is provided, that when goods and chattels, money or evidences of debt are to be attached, the constable shall seize the same and keep them in his custody if accessible; and if not accessible, he shall declare to the person in possession, that he attaches the same in his possession, and summon such person as garnishee.

Under this statute, the proceedings in this case, were conducted, and as far as appears from the papers, the provisions of the statute were strictly complied with. It is only necessary to remark in this case, in addition to what was said in the case of *Harlan* v. *Coleman*, that under this statute, Coleman as garnishee, was obliged to disclose any and all interest Moriarty had in the funds in his hands, and if that interest when so disclosed, was susceptible of being reduced to an amount certain, the specific sum would be held by the attachment. If however, by the testimony, it proved to be a *mere interest*, then the interest alone was held by the attachment, and could have been sold upon execution.

The writ by virtue of the statute, would reach all chattels, moneys or evidences of debt, and also any interest in either which the debtor might have in the hands of a third person.

But in this case as in the case of *Harlan* v. *Coleman*, the amount in the hands of the garnishee, was certain and fixed, and we cannot see even if Ballard and Moriarty

were partners, (the former having received his proportion,) how that fact should affect the remaining fund, so as to protect it from attachment.

The fact of Ballard and Moriarty being partners, and the money in Coleman's hands partnership funds, would not protect the amount belonging to Moriarty from garnishment. True, from the great weight of authority, the partnership creditors would in equity be first entitled to the payment of their claims out of the partnership assets, in preference to separate creditors. But in this case there is no evidence, that there were any such creditors. If however, there were such, they could enjoin the funds in the hands of Coleman, and a court of equity would if they were partnership funds, have appropriated them for the benefit of the creditors. But as no such steps were taken, and as there was no interference on the part of the partnership creditors, to prevent the payment of the money to the separate creditors of Moriarty, we think the court erred in dismissing the proceeding and ordering the money to be refunded to Coleman. Judgment is therefore reversed, and a trial *de novo* awarded.

Judgment reversed.

*C. Bates*, for plaintiff in error.

*Wm. Penn. Clark*, for defendant.